UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS SHANNON | CIVIL ACTION |
| VERSUS | NO. 17-64-JWD-EWD |
| WESTFIELD INSURANCE COMPANY, ET AL. | |

## RULING AND ORDER ON UNOPPOSED MOTION TO COMPEL

Before the Court is a Motion to Compel Discovery Responses, filed by defendant, Westfield Insurance Company ("Westfield").[1] In the Motion, Westfield seeks to compel plaintiff, Thomas Shannon, to respond to Interrogatories and Requests for Production of Documents propounded on May 4, 2017. Westfield also seeks reasonable attorney's fees incurred in filing the Motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). More than 21 days have passed since the filing of the Motion and Plaintiff has not filed an opposition as of the date of this Ruling and Order. The Motion is therefore unopposed.

For the reasons that follow, the Motion to Compel is **GRANTED**[2] and Westfield's request for reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**.

---

[1] R. Doc. 25.
[2] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, Civ. A. No. 3:98CV2918-L, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, Civ. A. No. 15-2282-P, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *United States v. Toney*, Civ. A. No. 11-00245-02, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

I.   **Background**

This suit arises out of a November 11, 2015 motor vehicle accident. Plaintiff alleges that he was injured when his vehicle was rear-ended by an 18-wheeler operated by defendant, James Shearer, which pushed Plaintiff's vehicle into a third vehicle.[3] Plaintiff asserts that Shearer was in the course and scope of his employment with defendant, On The Spot Trucking, Inc., at the time of the accident.[4] As a result of the accident, Plaintiff alleges that he sustained injuries to his "back, hips and knees, along with other injuries."[5] Plaintiff seeks damages for past, present and future physical injuries, physical pain and suffering, mental anguish and emotional distress, medical expenses, loss of enjoyment of life, interest and costs, as well as property damage, including loss of use and diminution of value.[6] On or about November 10, 2016, Plaintiff filed a Petition for Damages against Shearer, On The Spot Trucking, Inc. and Westfield, the alleged insurer of On The Spot Trucking, Inc.[7] On February 3, 2017, Westfield removed this action to this Court on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[8]

In the instant Motion, Westfield asserts that it propounded Interrogatories and Requests for Production of Documents on Plaintiff by email and United States Mail on May 4, 2017.[9] Westfield asserts that the discovery requests were re-sent by email on May 10, 2017.[10] Westfield alleges that a discovery conference was held on July 11, 2017 to discuss the outstanding discovery, during which Plaintiff's counsel "represented that the outstanding discovery would be answered soon."[11]

---

[3] R. Doc. 1-1 at ¶¶ 2-3.
[4] *Id.* at ¶ 4.
[5] *Id.* at ¶ 10.
[6] *Id.* at ¶ 9.
[7] R. Doc. 1 at ¶ 1; *See*, R. Doc. 1-1.
[8] R. Doc. 1. In the Notice of Removal, Westfield alleges that removal was timely sought within thirty (30) days of Westfield's receipt of Plaintiff's medical records on January 10, 2017, which disclosed the extent of the injuries and medical expenses that Plaintiff has incurred as a result of the underlying accident. *Id.* at ¶¶ 9-14.
[9] R. Doc. 25-2 at p. 1; *See*, R. Doc. 25-3.
[10] R. Doc. 25-2 at p. 2; *See*, R. Doc. 25-4.
[11] R. Doc. 25-2 at p. 2; *See*, R. Doc. 25-5.

However, Westfield claims that no discovery responses were forthcoming. In a July 22, 2017 email, Westfield's counsel reminded Plaintiff's counsel of the overdue discovery responses and requested that the discovery be verified and answered no later than July 31, 2017.[12] Westfield asserts that as of the date of filing the Motion to Compel, it has not received answers or responses to the outstanding discovery.[13] Westfield also seeks an award for the reasonable attorney's fees incurred in filing the Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## II. Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.*

Further, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *See also, Nguyen v. Louisiana*

---

[12] R. Doc. 25-5.
[13] R. Doc. 25-2 at p. 2.

*State Board of Cosmetology*, Civ. A. No. 14-80-BAJ-RLB, 2016 WL 67253, at *3 (M.D. La. Jan. 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.").

Westfield has met its burden of proving that the Motion to Compel should be granted. Westfield's discovery requests seek information regarding Plaintiff's injuries allegedly sustained and damages incurred, the accident, health information, Plaintiff's employment, Plaintiff's involvement in other motor vehicle accidents, including subsequent accidents that caused injury, and matters related to the witnesses to be called and the documents to be used at trial. The discovery requests also seek to have Plaintiff execute releases for tax returns, medical records, employment records and social security disability records, as well as cellular phone records. The information sought is relevant to this action. Westfield submitted documentation showing that it propounded Interrogatories and Requests for Production on May 4, 2017 by email and United States Mail.[14] Westfield has also submitted documentation showing that its counsel held a discovery conference on July 11, 2017 to discuss the outstanding discovery responses with Plaintiff's counsel.[15] However, Westfield asserts that as of the date the Motion to Compel was filed, Plaintiff has refused to provide any answers or produce any documents responsive to the discovery requests.[16] Moreover, Plaintiff has not filed any opposition memorandum to the Motion to Compel. Accordingly, Westfield's Motion to Compel is granted.

Because Westfield's Motion to Compel is granted, an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiff was given an opportunity to respond to Westfield's request for fees, but failed to file an opposition. Nonetheless, "the fee applicant bears

---

[14] R. Doc. 25-3 at pp. 1-2.
[15] R. Doc. 25-5.
[16] R. Doc. 25-2 at p. 2.

the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen, supra*, 2016 WL 67253, at *3. Westfield has not asserted a specific amount of attorney's fees it contends would be reasonable, nor has it submitted evidence of the amount of attorney's fees incurred. In such a circumstance, the undersigned finds an award of $500.00 is reasonable and in keeping with the amounts awarded by other judges in this district for similar motions. *See, Clark v. GEICO Gen. Ins. Co.,* Civ. A. No. 16-862-SDD-EWD, 2017 WL 2957813, at *3 (M.D. La. July 11, 2017) (finding an award of $500 reasonable where defendant did not claim a specific amount of expenses incurred in filing the motion to compel); *Rivera v. Martin J. Donnelly Antique Tools*, Civ. A. No. 14-667-JWD-SCR, 2015 WL 6872506, at *3 (M.D. La. Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable."); *Doucet v. Dormont Manufacturing Co.*, Civ. A. No. 13-251-SDD-SCR, 2014 WL 2434472, at *4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable.").

### III.  Conclusion

The discovery at issue is relevant and Westfield has presented evidence to establish that Plaintiff failed to timely respond to the requests. Accordingly, Westfield Insurance Company's Motion to Compel Discovery Responses[17] is **GRANTED.**

**IT IS ORDERED** that plaintiff, Thomas Shannon, shall provide written responses to the outstanding Interrogatories and Requests for Production of Documents[18] within fourteen (14) days

---

[17] R. Doc. 25.
[18] R. Doc. 25-3.

of the date of this Ruling and Order.  Plaintiff's answer and responses shall not include objections other than those pertaining to applicable privileges and/or immunities.[19]

**IT IS FURTHER ORDERED** that Westfield Insurance Company's request for reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**, and Plaintiff is **ORDERED** to pay Westfield Insurance Company $500.00 for the reasonable attorney's fees it incurred in filing the Motion to Compel.

**Failure of Plaintiff to comply with the terms of this Ruling and Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on October 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] "'As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.'" *Scott v. United States Postal Service*, Civ. A. No. 15-712-BAJ-EWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (quoting *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).